JUDGE SWEET

14 CV 6890

**Bennett D. Krasner, Esq.**
1233 Beech Street No. 49
Atlantic Beach, NY 11509
Phone: (516) 889-9353
Email: bkrasner@bdklaw.net

*Attorney for Plaintiffs*


RECEIVED
AUG 25 2014
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GINTA LAPINA &,
GINGIN MANAGEMENT LTD.,

Civil Action No.:

                     Plaintiff,

(Jury Trial Demanded)

v.

**MEN WOMEN N.Y. MODEL MANAGEMENT
INC.** a/k/a & t/a WOMEN and a/k/a & t/a
Women Management & t/a Women Management
Inc. & t/a Women Model Management, Inc.;
**WOMEN MANAGEMENT INC.** a/k/a & t/a
WOMEN and a/k/a & t/a Women Management;
**WOMEN MODEL MANAGEMENT INC.**
a/k/a & t/a WOMEN and a/k/a & t/a
Women Management;
**MEN WOMEN MODEL MANAGEMENT INC.**
 a/k/a & t/a WOMEN and a/k/a & t/a Women
Management; **WOMEN MANAGEMENT S.A.R.L.**
a/k/a & t/a Women Paris and a/k/a & t/a WOMEN;
**ELITE WORLD S.A.** t/a WOMEN & t/a Women Management;
**HENKEL OF AMERICA, INC.** a/k/a & t/a
HENKEL CORPORATION and t/a Henkel;
**HENKEL AG & Co., KGAA** a/k/a Henkel;
**KONINKLIJKE PHILIPS N.V.** a/k/a & t/a Royal Philips and
a/k/a & t/a Philips; and **PHILIPS NORTH AMERICA
CORPORATION** a/k/a & t/a Philips,

**COMPLAINT**

                     Defendants.
------------------------------------------------------X

       Plaintiffs, **GINTA LAPINA** (herein, "Ginta") and **GINGIN MANAGEMENT LTD.**

(herein, "Gingin") (herein, collectively, "Plaintiffs"), complaining of Defendants, **MEN**

**WOMEN N.Y. MODEL MANAGEMENT INC.** a/k/a & t/a WOMEN and a/k/a & t/a Women

Management & t/a Women Management Inc. & t/a Women Model Management, Inc. (herein, "Women NY"), **WOMEN MANAGEMENT INC.** a/k/a & t/a WOMEN and a/k/a & t/a Women Management (herein, "Women Management"); **WOMEN MODEL MANAGEMENT INC.** a/k/a & t/a WOMEN and a/k/a & t/a Women Management (herein, "Women Model Management"); **MEN WOMEN MODEL MANAGEMENT INC.** a/k/a & t/a WOMEN and a/k/a & t/a Women Management (herein, "Men Women Management"); **WOMEN MANAGEMENT S.A.R.L.** a/k/a & t/a Women Paris and a/k/a & t/a WOMEN (herein, "Women Paris"); **ELITE WORLD S.A.** t/a WOMEN & t/a Women Management (herein, "Elite"); **HENKEL OF AMERICA, INC.** a/k/a & t/a HENKEL CORPORATION and t/a Henkel (herein, "Henkel America"); **HENKEL AG & Co., KGAA** a/k/a Henkel (herein, "Henkel Germany"); **KONINKLIJKE PHILIPS N.V**. a/k/a & t/a  Royal Philips and a/k/a & t/a Philips (herein "Philips Global"); and **PHILIPS ELECTRONICS NORTH AMERICA CORPORATION** a/k/a & t/a Philip (herein "Philips USA"), (also, herein, collectively, "Defendants"), respectfully allege upon information and belief as follows:

<u>**NATURE OF ACTION**</u>

1.    This is an action under §43 (a) of the Lanham Act (The Lanham Act, 15 U.S.C. §1051 et seq.), for unfair competition, dilution and related causes of action under the laws of the State of New York, based upon Defendants' unauthorized misappropriation and use of the image and *persona* of celebrity fashion model and Plaintiff herein, Ginta Lapina, in connection with commercial advertising in such manner as to cause a significant likelihood of consumer confusion as to Plaintiffs' association with or endorsement of Defendants', Henkel America's and Henkel Germany's, line of Schwarzkopf hair care products and Philips Global and Philips USA hair care appliance products, as hereinafter more fully appears.

## JURISDICTION AND VENUE

2.      This Court has personal jurisdiction over Defendant, **Women NY**, because it is incorporated and does business under the laws of the State of New York and has its principal place of business in this District.

3.      This Court has personal jurisdiction over Defendant, **Women Management**, because it was formed under the laws of the State of New York and at all relevant times herein, conducted and conducts continuous and ongoing business with residents by negotiating and entering into contracts, soliciting clients and otherwise conducting its business operations in the State of New York including, but not limited to, in particular, in this District.

4.      This Court has personal jurisdiction over Defendant, **Women Model Management**, because it was formed under the laws of the State of New York and at all relevant times herein, conducted and conducts continuous and ongoing business with residents by negotiating and entering into contracts, soliciting clients and otherwise conducting its business operations in the State of New York including, but not limited to, in particular, in this District.

5.      This Court has personal jurisdiction over Defendant, **Men Women Management**, because it is incorporated and does business under the laws of the State of New York and has its principal place of business in this District and, at all relevant times herein, conducted and conducts continuous and ongoing business with residents by negotiating and entering into contracts, soliciting clients and otherwise conducting its business operations in the State of New York, including, but not limited to, in particular, in this District.

6.      This Court has personal jurisdiction over Defendant, **Women Paris**, because, at all relevant times herein, it entered the State of New York to solicit clients and to negotiate and enter into contracts; it is affiliated either as shareholder, parent, subsidiary, affiliate, member or other capacity having a significant financial and ownership interest, with Defendants, Women

3

NY and/or Women Management and/or Women Model Management and/or Men Women

Management and acts at the direction and control of Defendants, Women NY and/or Women

Management and/or Women Model Management and/or Men Women Management with respect

to its/their ongoing and continuous New York State business operations.

7. This Court has personal jurisdiction over Defendant, **Elite**, because, at all relevant

times herein, it entered the State of New York to solicit clients and negotiate and enter into

contracts and is a majority owner of Defendants, Women NY and/or Women Management

and/or Women Model Management and/or Men Women Management and/or any and/or all of

them and through these Defendants and/or any of them and/or all of them, conducts continuous

and ongoing business with residents of New York State by negotiating and entering into

contracts, soliciting clients and otherwise conducting business operations in the State of New

York, including, but not limited to, in particular, in this District.

8. This Court has personal jurisdiction over Defendant, **Henkel America**, because,

at all relevant times herein, it is a foreign corporation authorized to do business in New York

State and entered the State of New York to advertise and market its products, including but not

limited to, its Schwarzkopf line of hair care products, including but not limited to, through

marketing and distribution to consumers through beauty salons in New York State, including, but

not limited to, in this District and targeting internet advertising to citizens of New York State

including, but not limited to, through social media pages.

9. This Court has personal jurisdiction over Defendant, **Henkel Germany**, because,

at all relevant times herein, it controlled and controls the business operations of Henkel America

and through Henkel America, entered New York State to advertise and market its products,

including, but not limited to, its Schwarzkopf line of hair care products, including, but not

limited to, through marketing and distribution to consumers through beauty salons in New York State, including, but not limited to, in this District and targeting internet advertising to citizens of New York State including, but not limited to, through social media pages.

10.     This Court has personal jurisdiction over Defendant, **Philips USA**, because, at all relevant times herein, it is a foreign corporation authorized to do business in New York State and entered the State of New York to advertise and market its products, including but not limited to, its Philips line of hair care products, including but not limited to, through marketing and distribution to consumers through drug stores in New York State, including, but not limited to, in this District and targeting internet advertising to citizens of New York State including, but not limited to, through social media pages.

11.     This Court has personal jurisdiction over Defendant, **Philips Global**, because, at all relevant times herein, it controlled and controls the business operations of Philips USA and through Philips USA, entered New York State to advertise and market its products, including, but not limited to, its Philips line of hair care products, including, but not limited to, through marketing and distribution to consumers through drug stores in New York State, including, but not limited to, in this District and targeting internet advertising to citizens of New York State including, but not limited to, through social media pages.

12.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act); 28 U.S.C. §1338 (a) (acts of Congress relating to trademarks); 28 U.S.C. §1332 (diversity of citizenship); 28 U.S.C. §1138 (b) (pendent unfair competition claims); and 28 U.S.C. §1367 (other pendent state law claims). The amount in controversy exceeds $75,000.00.

13.     This Court has subject matter jurisdiction to hear Plaintiffs' trademark and right of privacy/publicity, dilution and unfair competition claims under 15 U.S.C. §1125 (a); 28 U.S.C. §§1331, 1338 and 1378; and 28 U.S.C. §1332 as there exists diversity of citizenship among the parties hereto and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

14.     Venue in this judicial district is proper under 28 USC §§1391 (b) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and some of the Defendants reside and have significant contacts in this District and are subject to this Court's personal jurisdiction with respect to the within action.

## PARTIES

15.     Plaintiff, **Ginta**, is a celebrity fashion model, and a citizen and resident of The Republic of Latvia.

16.     Plaintiff, **Gingin Management Ltd.**, is a corporation organized under the laws of The Republic of Cyprus and owns the intellectual property rights to the celebrity image and *persona* of Plaintiff, Ginta.

17.     Defendant, **Women NY**, is a New York corporation having a place of business at 199 Lafayette Street, 7th FL, in the City, County and State of New York and is the successor in interest to Defendants, Women Management, Women Model Management and Men Women Management and controls and directs the actions of and has a financial interest in these Defendants as well as in Defendant, Women Paris.

18.     Defendant, **Women Management**, is a fictitious person having an address at 199 Lafayette Street, 7th FL, in the City, County and State of New York.

19.     Defendant, **Women Model Management**, is a fictitious person having an address at 199 Lafayette Street, 7th FL, in the City, County and State of New York.

20.     Defendant, **Men Women Management**, is a New York corporation having a place of business at 199 Lafayette Street, 7th FL, in the City, County and State of New York.

21.     Defendant, **Women Paris**, is a limited liability company ('*société à responsabilité limitée*') organized under the law of the French Republic having an address at 7, Boulevard de la Madeleine, 75001 Paris, France and is related to Defendants, Women NY and/or Women Management and/or Women Model Management and/or Men Women Management, and has a direct financial interest in the wrongful actions of Defendants described in this Complaint.

22.     Defendant, **Elite**, is a corporation ('*société anonyme*') organized under the law of the Grand Duchy of Luxembourg having an address at 28, Boulevard d'Avranches, L-1160, Luxembourg and by virtue of ownership of a majority interest has the power and authority to control the actions of Defendants, Women NY and/or Women Management and/or Women Model Management and/or Men Women Management and has a direct financial interest in the wrongful actions of Defendants described in this Complaint. Elite's CEO, Stefania Valenti, entered New York to meet with Plaintiff, Ginta, in connection with the conduct of Defendant's, Elite's business.

23.     Defendant, **Henkel America**, is a corporation organized under the laws of the State of Delaware and authorized to do business in the State of New York, having an address at One Henkel Way, Rocky Hill, Connecticut 06067.

24.     Defendant, **Henkel Germany**, is a corporation and publicly traded partnership organized under the law of the Federal Republic of Germany having an address at 67 Henkelstrasse, 40589 Dusseldorf, Germany and by virtue of ownership of an interest, has the

7

power and authority to direct the actions of Defendant, Henkel America, and has a direct

financial interest in the wrongful actions of Defendants described in this Complaint.

25.     Defendant, **Philips USA**, is a corporation organized under the laws of the State of

Delaware and authorized to do business in the State of New York, having an address at 3000

Minuteman Road, Andover, MA 01810.

26.     Defendant, **Philips Global**, is a publicly traded corporation, organized under

Dutch law having an address at Global Headquarters, High Tech Campus 5, 5656 AE Eindhoven

The Netherlands and by virtue of ownership of an interest, has the power and authority to direct

the actions of Defendant, Philips USA, and has a direct financial interest in the wrongful actions

of Defendants described in this Complaint

27.     Defendants, Henkel America, Henkel Germany and Defendant, Elite, are

"business partners" (hereinafter, sometimes, "the Business Partners") and hold themselves out to

the consuming public as such.

28.     Defendant, Elite, owns a majority interest in and controls and directs the actions

of Defendants, Women NY, Women Management, Women Model Management, Men Women

Management and Women Paris.

29.     Defendants, Women NY, Women Management, Women Model Management,

Men Women Management and Women Paris are hereinafter sometimes referred to as "the

Women Defendants".

30.     Defendants, Henkel America and Henkel Germany are hereinafter sometimes

referred to as "the Henkel Defendants".

31.     Defendants, Philips USA and Philips Global are hereinafter sometimes referred to

as "the Philips Defendants".

8

## FACTS COMMON TO ALL CLAIMS

### *A. Plaintiff's Celebrity and Substantial Commercial Activities*

32.     Plaintiff, Ginta Lapina, is a native of The Republic of Latvia. Ginta began her modeling career in 2005 after being scouted in Latvia. Her fashion runway debut was at the Spring 2008 *New York Fashion Week* in the Benjamin Cho show.  Ginta was represented by from 2008 to the present by the Women Defendants and/or any and/or some of them.

33.     Ginta's celebrity status as a model 'brand' is indisputable. Ginta has participated in runway fashion shows for numerous notable designers, including, but not limited to, Dolce & Gabbana, Marc Jacobs, Prada, Nina Ricci, Oscar de la Renta, Diane Von Furstenberg, Vivianne Westwood, Miu Miu, Valentino, Versace, Louis Vuitton, Bottega Veneta, Yves Saint Laurent, Carolina Herrera, Anna Sui, Christina Dior, Sonia Rykiel, Elie Saab, Lanvin and Jean Paul Gaultier.  She has appeared on the covers of top fashion magazines, including *Elle France*, *Numéro Tokyo*, *Vogue Mexico*, *Harper's Bazaar*, *Glass Magazine*, and *Allure Russia*. Her advertising campaigns have included clients of the caliber of Anna Sui, Blackglama, Céline, Diet Coke, DKNY Jeans, Express, Marc by Marc Jacobs, Yves Saint Laurent Beauté, NARS, Jill Stuart, Just Cavalli, Sportmax and John Galliano, among others. Ginta is currently ranked 27th on models.com list of the Top 50 Models "High Earners" (determined according to the website by those models attracting the highest paying clients in fashion).

34.     There are prominent articles devoted to Ginta on models.com, style.com (including 691 photos), a profile on *New York Magazine*'s New York Fashion Shows online and fashiongonerogue.com. (***See Exhibit A annexed hereto, New York Magazine New York Fashion Shows*** online profile of Plaintiff, Ginta Lapina.)

35.     The description of Ginta on models.com summarizes her celebrity: "*With her doll-like features and posing skill Ginta Lapina appeals to the full range of money clients from*

*haute stores to high end beauty. With a diverse range of campaigns from NARS to YSL Beauté, H&M and even Diet Coke, Ginta continuously manages to snag those coveted advertising contracts."*

36.     Ginta is a celebrity *persona* in the high fashion industry. She is a full time model and earns her living from modeling. According to models.com, models of Ginta's caliber and renown are solicited for advertising campaigns by clients "*…willing to pay a model a high-six figure sum.*"

37.     As set forth herein above, Ginta has gained significant U.S. and international public recognition in the modeling industry by virtue of her work in the industry since 2005, nearly ten years ago. By virtue of the foregoing Ginta has created a brand in her image and *persona* subject to protection against infringement and dilution.

*B. Defendants' Nefarious Activities*

38.     On or about January 15, 2013, Plaintiff, Ginta, signed a voidable "MODEL MANAGEMENT AGREEMENT" (herein, "the Representation Agreement") with Defendant, Women Management or Women Model Management (both Defendants' names are used interchangeably on the document which was unilaterally propounded by Defendants) (**See, Exhibit B annexed hereto**).

39.     Women Management, Inc. ("Women Management") was dissolved by proclamation under an annulment of authority of the New York State Secretary of State on October 26, 2011 and was inactive as of that date (***See Exhibit C annexed hereto***).

40.     Women Model Management, Inc. ("Women Model Management") was dissolved by proclamation under an annulment of authority of the New York State Secretary of State on October 26, 2011 and was inactive as of that date (***See Exhibit D annexed hereto***).

41.     Neither Defendant, Women Management nor Defendant, Women Model Management, was a valid existing entity under the laws of the State of New York on January 15, 2013, the date of the Representation Agreement.

42.     Defendants, Women Management and Women Model Management deliberately and fraudulently concealed from Plaintiff, Ginta, their inactive status at the time of the execution of the Representation Agreement.

43.     Defendant, Women NY, is the successor in interest to Defendants, Women Management and Women Model Management and controls the actions of all the Women Defendants.

44.     The Women Defendants deliberately and purposely conceal their corporate identity from the consuming public by changing names and operating under the umbrella "Women" to avoid certain legal and contractual obligations.

45.     Pursuant to the Representation Agreement, the Women Defendants were to act as Plaintiff, Ginta's, "…*sole and exclusive personal manager throughout New York, Paris, Milan (the "Territory")…" for a period of three years*. (See, Exhibit B, annexed hereto at page 1 ¶1).

46.     Pursuant to the Representation Agreement, "*The terms and conditions pursuant to which Artist [Plaintiff, Ginta] will perform services will be determined by Artist in consultation with Women.*" (See, Exhibit B, annexed hereto at page 3 ¶7 (b)).

47.     Defendant, Women Paris, under the direction and control of the Women Defendants in New York, handled billing and collections in France.

48.     On or about July 8 and July 9, 2013, Plaintiff, Ginta, went to Paris, France, to work on what was represented to Plaintiffs by the Women Defendants, Elite and Henkel ("the

Business Partners") as photos being taken by Karl Lagerfeld which would be included in an interview with Karl Lagerfeld called the Schwarzkopf Look 2014 Trends.

49.    Defendants knowingly misrepresented to Plaintiffs that the July 8 and July 9, 2013 shoot would ***NOT*** be for a campaign and that the permitted use would be strictly narrow in scope.

50.    In December, 2013, Defendant, Henkel, requested of the Women Defendants and Elite ("the Business Partners") to expand the scope of the limited license and use the Schwarzkopf Look 2014 advertorial worldwide (excluding the USA and Japan) for point of sale, point of purchase and public relations in various media in connection with the Henkel Defendants' Schwarzkopf line of hair care products.

51.    The Schwarzkopf Look 2014 Trends advertorial was ***NOT*** an advertising campaign and therefore the models were compensated only for their time for the photo shoot but not for the usage of their image which would have been a considerably greater compensation.

52.    A model of Plaintiff's caliber commands between six and seven figure compensation for an advertising campaign while compensation for the the authorized use for the Schwarzkopf Look 2014 Trends would be approximately 15,000 €. Moreover the Schwarzkopf products and look of advertisement are not of the caliber normally endorsed by a model of Plaintiff's, Ginta's, stature in the industry and have diluted her "brand" as a model for the *haute couture* and/or highest paying clients.

53.    Defendant, Elite, acting with and through the Women Defendants, to best serve the pecuniary and commercial interests of its Business Partners, the Henkel Defendants, granted the expanded license without Plaintiffs' authorization and to Plaintiffs' detriment.

54.   In sum, Defendants conspired to obtain a top model for an advertising campaign without having to pay the usual and customary compensation that a top model commands.

55.   Beginning in or about May, 2014, Plaintiffs received numerous tips from friends, colleagues and others in New York and worldwide that Plaintiff's, Ginta's, image and *persona* were being used by Defendants in a massive unauthorized joint advertising campaign for Schwarzkopf hair care products and the Philips Defendants hair care appliance products (herein, "the Infringing Ads") (***See Exhibit E annexed hereto***).

56.   In the Infringing Ads Ginta's image appears with text about sales and promotions and pictures of Schwarzkopf hair care products superimposed on the pictures. (**See, Exhibit E annexed hereto**).

57.   Defendants' Infringing Ads were released and disseminated worldwide *via* the web and immediately received substantial attention from the consuming public as a direct and proximate result of Defendants' unlawful misappropriation and use of Plaintiff, Ginta's, image and *persona*. (**See, Exhibit F annexed hereto,** web page from Facebook).

58.   Plaintiffs did not authorize the use of the photos for the Infringing Ads and were not compensated for an advertising campaign.

59.   Plaintiffs immediately brought the Henkel Defendants' and the Philips Defendants' infringing activities to the attention of Defendant, Elite and the Women Defendants and advised that they had impinged on Plaintiffs' rights of privacy and publicity, tarnished Plaintiff, Ginta's, image, diluted her professional "brand", and likely caused confusion to the consuming public by creating false association and false endorsement.

60.   The deliberate misappropriation and use of Plaintiff, Ginta's, image and *persona* by Defendants was, and is, in conscious disregard of Plaintiffs' rights of privacy and publicity,

and of Plaintiffs' exclusive rights to control the use and exploitation of Plaintiff, Ginta's, image and *persona*.

61.     Plaintiffs seek fair redress for the wrongs committed against them by Defendants, including damages and injunctive relief, as allowable under New York and federal law. Since the advertising campaign has already been widely disseminated to the public Plaintiffs seek an injunction against any future use of the photos for advertising campaigns without authorization and proper compensation and damages in the form of compensation for the use of the photos in an advertising campaign.

## COUNT I
### Unfair Competition In Violation of 15 U.S.C. §1125 (a)
### (Against all Defendants)

62.     Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth at length herein.

63.     As set forth above, Plaintiff, Ginta, is a celebrity high fashion model of national and world renown and her image has become a "brand" through diligent effort, expense and hard work over the nearly ten years of Plaintiff, Ginta's, career.

64.     Defendants' Infringing Ads are likely to cause confusion, and have caused actual confusion, in the minds of the consuming public implying a false association with and endorsement by, Plaintiff, Ginta, of Defendants', Henkels', Schwarzkopf hair care products and the Philips Defendants' hair care appliance products.

65.     Following the dissemination of the Infringing Ads, Defendants knowingly and intentionally acted to deliberately mislead and confuse the consuming public and to perpetuate their unlawful exploitation of Plaintiff, Ginta's, image and *persona* for Defendants' commercial gain.

66.     Defendants knowingly and intentionally used, misappropriated and exploited Plaintiff, Ginta's, image and *persona* to increase sales of Schwarzkopf hair care products and the Philips Defendants hair care appliance products as aforesaid.

67.     Defendants have created a likelihood of confusion in the minds of the consuming public as to the source, sponsorship, endorsement and/or association of Ginta with the Henkel Defendants' Schwarzkopf hair care products and the Philips Defendants hair care appliance products.

68.     Absent Defendants' infringing activities it is not likely that a model of Plaintiff's, Ginta's, caliber, would have appeared in an advertising campaign for Defendants' said products.

69.     The Infringing Ads have no artistic relevance whatsoever, are intended to explicitly mislead consumers and are purely for Defendants' commercial gain.

70.     As set forth above, Plaintiff, Ginta's, image and *persona* were used without Plaintiffs' consent and without compensation by Defendants.

71.     The consuming public has been and is likely to continue to be confused as to Plaintiff's, Ginta's, association with and/or endorsement of, the Henkel Defendants' and the Philips Defendants' products and commercial activities.

72.     Defendants have profited and will continue to profit from their unlawful and intentional misappropriation and unauthorized use of Ginta's image and *persona*, all to Plaintiffs' detriment.

73.     In doing the acts alleged herein, Defendants have engaged in commercial activity that is likely to cause confusion and/or mislead consumers into believing that Plaintiff, Ginta, has endorsed, sponsored, or otherwise approved of Defendants' products when in fact she has not.

74.     Defendants' acts as set forth herein have, in fact, misled and confused consumers, and continue to mislead and confuse consumers.

75.     Defendants' conduct as described herein constitutes a willful violation of 15 U.S.C. §1125 (a).

76.     As a result of Defendants' unlawful conduct described herein, Plaintiffs have suffered and will continue to suffer irreparable injury unless Defendants are enjoined.

77.     Plaintiffs have no adequate remedy at law.

78.     Pursuant to 15 U.S.C. §1117, when a violation of 15 U.S.C. §1125 (a) shall have been established in any civil action, the plaintiff in such action shall be entitled, subject to the principles of equity and the statutory limitations set forth therein, *inter alia*, to defendant's profits, any damages sustained by plaintiff and the costs of the action, and, in exceptional cases, an award of reasonable attorneys' fees.

79.     Plaintiffs are entitled to recover from Defendants, jointly and severally, profits, damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1117.

80.     This is an exceptional case within the meaning of 15 U.S.C. §1117 (a) because Defendants' conduct has been outrageous and willful and in violation of Plaintiffs' rights.

81.     Pursuant to 15 U.S.C. §1117, Plaintiffs are entitled to an equitable remedy of an accounting and disgorgement of all wrongfully derived revenues which Plaintiff believes are in excess of $1,000,000.00.

82.     As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer, damages in an amount to be proven at trial but which is not less than $1,000,000.00.

**COUNT II**
**Violation of the New York Statutory Right of Publicity**
**New York Civil Rights Law §§50 and 51**
**(Against all Defendants)**

83.     Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth at length herein.

84.     Defendants' actions as described herein constitute a knowing, willful and unlawful use and misappropriation of Plaintiff, Ginta's, image and *persona* in connection with the Infringing Ads for Defendants' commercial use and gain.

85.     Defendants' misappropriation and unauthorized use of Plaintiff, Ginta's, image and *persona* for Defendants' own commercial purpose and gain is in violation of New York Civil Rights Law §§50 and 51.

86.     By reason of dissemination of the Infringing Ads to citizens of New York State, Defendants' use was within New York State.

87.     Defendants' misappropriation and unauthorized use of Plaintiff, Ginta's, image and *persona*, were strictly for the purpose of advertising for commercial gain Defendants', Henkels' Schwarzkopf hair care products and Defendants', Philips hair care appliance products, respectively, and not in connection with "news" or any privileged use.

88.     Defendants' misappropriation and unauthorized use of Plaintiff, Ginta's, image and *persona*, were without Plaintiffs' written consent.

89.     As a result of Defendants' unlawful conduct described herein, Plaintiffs have suffered and will continue to suffer irreparable injury unless Defendants are enjoined.

90.     Plaintiffs have no adequate remedy at law.

91.     As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer, injury in an amount to be proven at trial but which is not less than $1,000,000.00.

## COUNT III
## Common Law Unfair Competition
### (Against All Defendants)

92.     Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs.

93.     As described above, Defendants have engaged in false, misleading and deceptive conduct.

94.     Defendants' conduct has already confused, caused confusion or mistake, or is likely to cause confusion, or to cause mistake, or to deceive as to the association with and/or endorsement and/or sponsorship by, Plaintiffs of the Henkel Defendants' Schwarzkopf hair care products.

95.     Defendants' conduct has already confused, caused confusion or mistake, or is likely to cause confusion, or to cause mistake, or to deceive as to the association with and/or endorsement and/or sponsorship by, Plaintiffs of the Philips Defendants' hair care appliance products.

96.     Defendants' false and misleading use of Plaintiff, Ginta's, image and *persona*, are material in that the same were and are likely to affect consumers and prospective consumers of Ginta's modeling services and the products Ginta is associated with and/or endorses through authorized advertising campaigns and runway participation.

97.      By reason of Defendants' acts of unfair competition described herein Defendants have obtained and will continue to obtain, gains, profits and advantages to which they are not in equity or in good conscience entitled, and which have unjustly enriched Defendants.

98.     By virtue of Defendants' acts of unfair competition described herein, Plaintiffs have sustained, and will continue to sustain, substantial injury, loss and damage.

18

99.    Plaintiffs have suffered and will continue to suffer irreparable harm because of Defendants' conduct and are without an adequate remedy at law.

100.   Plaintiffs are entitled to an injunction restraining Defendants from engaging in further acts of unfair competition.

101.    Plaintiffs are also entitled to recover jointly and severally from Defendants the damages Plaintiffs have sustained as a result of Defendants' acts of unfair competition, and the gains, profits and advantages that Defendants have obtained as a result of such acts, in an amount in excess of the jurisdictional threshold to be proven at trial but which is at least $1,000,000.00. Further, Plaintiffs are entitled to exemplary and punitive damages by reason of Defendants' willful and intentional conduct.

**COUNT IV**
**Trademark Dilution in Violation of 15 U.S.C. §1125 (c)**
**(Against All Defendants)**

102.    Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth at length herein.

103.   Plaintiff, Ginta's, image and *persona*, represent significant goodwill and both nationwide and worldwide consumer recognition in the high fashion industry built up by nearly ten years of effort including, but not limited to, costly promotion and marketing and the enforcement of highly selective and restricted use.

104.   The consuming public has come to associate Ginta's image and *persona* with high fashion and cosmetics brands and the highest paying clients in the industry.

105.   Plaintiffs image and *persona* are famous nationwide as well as worldwide and are distinctive within the meaning of 15 U.S.C. §1125 (c).

106.   Defendants' unauthorized use in the United States and worldwide commerce of Plaintiff, Ginta's, image and *persona* has caused and is likely to cause, dilution by blurring and/or by tarnishment of the distinctive nature of Ginta's image and *persona* and/or harm to the reputation and caliber of Ginta's image and *persona*.

107.   Plaintiffs are entitled, pursuant to 15 U.S.C. §1125 (c), to injunctive relief against Defendants' acts of dilution of Plaintiffs, Ginta's, image and *persona* and to the remedies set forth in 15 U.S.C. §1117 (a).

**COUNT V**
**Civil Conspiracy**
**(Against All Defendants)**

108.   Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth at length herein.

109.   Elite and the Henkel Defendants publicly promote and acknowledge their status as "Business Partners".

110.   Elite owns and controls the Women Defendants.

111.   Defendants' actions described above constitute a civil conspiracy in that Defendants agreed, conspired and acted in concert to defraud and cause injury to Plaintiffs through the unlawful conduct and activities described herein above.

112.   Defendants acted by agreement among them and in concert to defraud Plaintiffs into giving them photos of the image and *persona* of Plaintiff, Ginta, which they used for an advertising campaign without Plaintiffs' consent and without adequately compensating Plaintiffs.

113.   Each Defendant had the intent to accomplish the common purpose of the conspiracy and each was aware of the other's intent.

114.    As a result of Defendants' unlawful conspiratorial conduct, Plaintiffs have suffered and continue to suffer damage in a manner that may not difficult to fully measure or compensate in economic terms but which exceeds the sum of $1,000,000.00.

### COUNT VI
### Unjust Enrichment
### (Against All Defendants)

115.    Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth at length herein.

116.    Defendants have received substantial benefit of the use of Plaintiff, Ginta's, image and *persona* for Defendants' commercial gain.

117.    Defendants were and are fully aware of and knowingly accepted the benefit without compensating Plaintiffs therefor.

118.    Defendants have received substantial benefit in terms of advertising and revenue by their unauthorized use of Plaintiffs' image and *persona* without adequately compensating Plaintiffs to disseminate an advertising campaign for the Henkel Defendants' Schwarzkopf hair care products and the Philips Defendants hair care appliance products.

119.    Under the circumstances described herein, it would be inequitable to allow Defendants to retain the benefit without compensating Plaintiffs for the value thereof.

120.    The circumstances are such that equity and good conscience require Defendants to jointly and severally make restitution in an amount to be proven at trial but which is at least $1,000,000.00.

## COUNT VII
## Breach of Contract
### (Against Defendant Elite and the Women Defendants)

121.   Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth at length herein.

122.   As set forth herein above, Defendant, Elite, owns and controls the Women Defendants.

123.   As set forth herein above, Plaintiff, Ginta, had a voidable written contract with the Women Defendants.

124.   As set forth herein above, Plaintiffs had an implied contract with the Women Defendants and Defendant Elite.

125.   Plaintiffs duly performed their obligations under the contracts.

126.   Defendants knew and/or should have known that the photos would be used by the Henkel Defendants and the Philips Defendants in an unauthorized manner without Plaintiffs' consent.

127.   Defendants materially breached the written and implied contracts, among other things, by failing to inform Plaintiffs of the true nature of the photo shoot for Defendants Henkel; namely, that the photos were to be used for a worldwide advertising campaign for the Henkel Defendants' Schwarzkopf hair care products and the Philips Defendants hair care appliance products and not solely for an advertorial.

128.   Defendants materially breached the written and implied contracts by, among other things, including but not limited to, failing to consult with Plaintiffs regarding the nature of the photo shoot for the Henkel Defendants and the Philips Defendants; deliberately misrepresenting to Plaintiffs the nature of the photo shoot for the Henkel Defendants and the Philips Defendants;

failing to obtain compensation for the advertising campaign in which the photos were used by the Henkel Defendants and the Philips Defendants; failing to disclose Defendants' "Business Partner" relationship with Defendants Henkel to Plaintiffs; engaging in self-dealing; failing to act in Plaintiffs' best interest in contracting for modeling jobs; failing to protect Plaintiff, Ginta's, "brand" against infringement; conspiring to infringe upon Plaintiff, Ginta's, "brand"; failing to advise and counsel Plaintiff, Ginta, with respect to the selection of opportunities; failing to properly negotiate and administer income producing opportunities; failing to collect adequate fees earned by Plaintiff, Ginta; failing to properly evaluate and advise Plaintiff, Ginta, as to requests for the use of her name, photograph, likeness, etc.; failing to properly provide the services set forth in the Representation Agreement; and failing to compensate Plaintiffs for work done and services rendered pursuant to the contracts.

129.   Defendants failed and refused to cure their breach despite notice and due demand therefor.

130.   By reason of Defendants' breach of contract, Plaintiffs have been damaged in a sum to be proven at trial but which is at least $1,000,000.00.

### COUNT VIII
### BREACH OF FIDUCIARY DUTY
**(Against Defendant Elite and the Women Defendants)**

131.   Plaintiffs re-allege and incorporate herein the allegations in the preceding paragraphs as if fully set forth at length herein.

132.   As set forth herein above Defendants had a fiduciary duty, both under the implied contract and the written contract, to act in the best interests of Plaintiffs, and, in particular, Plaintiff, Ginta, in connection with Plaintiff's, Ginta's, work for clients and to assure that

Plaintiffs would be adequately and properly compensated in connection with all work undertaken.

133.  Plaintiffs and Defendants had a business relationship which imposed a duty upon Defendants to exercise fairness and good faith when acting with respect to Plaintiffs and, in particular, Plaintiff, Ginta.

134.  As set forth herein above, Defendants took advantage of Plaintiffs' trust dealt with Plaintiffs so as to benefit themselves to the detriment of Plaintiffs.

135.  By reason of Defendants' afore described breach of fiduciary duty, Plaintiffs were damaged in a sum to be proven at trial but which is at least $1,000,000.00.

136.  Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

A. Finding that, as to Count I, Defendants engaged in unfair competition in violation of 15 U.S.C. §1125 (a); as to Count II, Defendants violated Plaintiffs' right of publicity in violation of New York Civil Rights Law §¶50 and 51; as to Count III, Defendants engaged in infringement and unfair competition under the common law of the State of New York; as to Count IV, Defendants caused willful injury to Plaintiffs and dilution of Plaintiffs' "brand" and "mark" in violation of 15 U.S.C. §1125 (c); as to Count V, Defendants acted knowingly and in concert to conspire to defraud Plaintiffs and to misappropriate Plaintiff, Ginta's, image and *persona* without consent or compensation such that they engaged in a civil conspiracy; as to Count VI, Defendants were unjustly enriched by their conduct in using and misappropriating Plaintiff, Ginta's, image and *persona* for their commercial gain to Plaintiffs' detriment; as to Count VII, Defendants breached the written contract with Plaintiff, Ginta and the implied contract with

Plaintiffs, injuring Plaintiffs thereby; and as to Count VIII, Defendants breached their fiduciary duty to Plaintiffs; and

B. That Defendants, their officers, directors, employees, agents, servants, affiliates and any person and/or entity claiming by, under and/or through Defendants, and all those acting in concert with Defendants and each of them, be preliminarily and permanently enjoined and restrained from directly or indirectly, using Plaintiff, Ginta's, image, likeness, identity, or *persona* in any promotion, advertising or commercial activities without Plaintiffs' express written consent; and

C. That Defendants be ordered to remove all photos bearing Plaintiff, Ginta's, image and any of Defendants' products and/or product advertising copy, from all media, including, but not limited to, websites, and including, but not limited to, social media websites; and

D. That Defendants be directed to file with the Court and serve upon Plaintiffs, within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements set forth in ¶C hereof; and

E. That Defendants be required to pay to Plaintiffs compensatory damages in a sum to be proven at trial but at least $1,000,000.00, for the injuries sustained by Plaintiffs in consequence of the acts herein complained of and that such damages be trebled because of the willful acts described herein in disregard of Plaintiffs' known rights as aforesaid; and

F. That Defendants be required to account for and pay over to Plaintiffs all gains, profits and advantages derived by them from the activities herein complained of; and

G. That Defendants be compelled to pay Plaintiffs' attorneys' fees, together with the costs and disbursements of this action; and

H. That Plaintiffs be awarded treble damages against the Defendants pursuant 15 U.S.C. §1117; and

I. That the Court award to Plaintiffs interest, including pre-judgment and post judgment interest, on the foregoing sums; and

J. That the Court grant such other and further relief as may be just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues.

Dated: Atlantic Beach, New York
August 25, 2014                                  Respectfully submitted,

_____
Bennett D. Krasner, Esq. (bk-8375)
bkrasner@bdklaw.net
1233 Beech Street #49
Atlantic Beach, New York 11509
Tel. (516) 889-9353
Facsimile: (516) 432-7016

*Attorney for Plaintiffs, Ginta Lapina &*
*Gingin Management Ltd.*

26